“At a fact-finding hearing in a child protective proceeding pursuant to Family Court Act article 10, the petitioner has the burden of establishing, by a preponderance of the evidence, that the subject child has been abused or neglected” (Matter of Kassandra V. [Sylvia L.], 90 AD3d 940, 941 [2011]; see Family Ct Act § 1046 [b] [i]; Matter of Ndeye D. [Benjamin D.], 85 AD3d *1013 1026, 1027 [2011]). Contrary to the appellant’s contention, the Family Court’s determination that he sexually abused the child Raquel M. is supported by a preponderance of the evidence (see Family Ct Act § 1012 [e] [iii]; Penal Law § 130.55; Matter of Lindsay B. [Carlton B.], 80 AD3d 763, 764 [2011]). The Family Court has considerable discretion in deciding whether a child’s out-of-court statements describing incidents of abuse have been reliably corroborated and whether the record as a whole supports such a finding (see Matter of Christina F., 74 NY2d 532, 536 [1989]; Matter of Alexander M. [Benjamin M.], 88 AD3d 794, 795 [2011]). Here, Raquel M.’s sworn in-court testimony sufficiently corroborated her out-of-court description of the abuse (see Matter of Christina F., 74 NY2d at 536-537; Matter of Bianca M., 282 AD2d 536, 536 [2001]).
The appellant’s remaining contention is unpreserved for appellate review and, in any event, without merit. Skelos, J.P., Balkin, Chambers and Miller, JJ., concur.